**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

GENISE A. PENNANT,
          Appellant,

      v.

DEPARTMENT OF THE AIR FORCE,
         Agency.

DOCKET NUMBER
AT-0752-19-0689-I-1

DATE: July 9, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Genise A. Pennant</u>, Gainesville, Florida, pro se.

<u>Holly L. Buchanan</u> and <u>William Vincent Cochrane</u>, Eglin Air Force Base,
    Florida, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

**FINAL ORDER**

    The appellant has filed a petition for review of the initial decision, which sustained her removal pursuant to 5 U.S.C. chapter 75 based on the following charges: (1) absence without leave (AWOL); (2) failure to request leave in accordance with established procedures; and (3) refusal to comply with proper

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

orders. On petition for review, the appellant argues that the administrative judge made erroneous findings of fact, and she challenges the administrative judge's conclusion that she failed to prove the following affirmative defenses: (1) disability discrimination on the basis of failure to provide a reasonable accommodation; (2) disability harassment; and (3) whistleblower reprisal. Petition for Review (PFR) File, Tab 1 at 1-13. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to (1) correct a misstatement made by the administrative judge regarding the appellant's status as a disabled veteran, (2) clarify the proper legal standard for analyzing the appellant's affirmative defense of disparate treatment disability discrimination, and (3) supplement the administrative judge's analysis regarding the appellant's claim of whistleblower reprisal, we AFFIRM the initial decision.

We have considered the appellant's arguments, but we discern no basis to disturb the administrative judge's reasoned factual findings or his legal conclusions. *See Riggsbee v. Office of Personnel Management*, 111 M.S.P.R. 129, ¶ 11 (2009) (explaining that an appellant's mere disagreement with the administrative judge's explained factual findings and legal conclusions therefrom

does not provide a basis to disturb the initial decision). We have also considered the voluminous documentary evidence that the appellant provides with her petition for review, PFR File, Tab 1 at 15-123; however, all of these documents predate the initial decision, and the appellant provides no explanation as to why she failed to provide this information to the administrative judge,[2] *see Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980) (finding that the Board generally will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence). Moreover, even considering this additional documentation, we find that it does not change the outcome of this appeal. *See Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980) (observing that the Board generally will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision).

We modify the initial decision to correct a misstatement.

Although not raised on review, the administrative judge concluded that the appellant had a disability as defined by 29 C.F.R. § 1630.2(g) because "a Standard Form 50 in the record indicate[d] that [she] was a disabled veteran." Initial Appeal File (IAF), Tab 19, Initial Decision (ID) at 11 (citing IAF, Tab 8 at 130). An appellant's status as a disabled veteran is not dispositive for purposes of the Americans with Disabilities Act Amendments Act of 2008. *See* 29 C.F.R. § 1630.2(g); *see also* 74 Fed. Reg. 48431, 48448 (2009) ("The fact that an individual has a record of being a disabled veteran . . . does not guarantee that the individual will satisfy the definition of 'disability' under part 1630."). However, because we agree with the administrative judge that, even assuming that the appellant was a qualified individual with a disability, she nonetheless failed to

---

[2] Some of the documents that the appellant provides on review were part of the record before the administrative judge; thus, they do not constitute new evidence. *See Meier v. Department of the Interior*, 3 M.S.P.R. 247, 256 (1980) (explaining that evidence that is already a part of the record is not new).

prove disability discrimination, we find his misstatement harmless. ID at 11-15; *see Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (explaining that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

<u>We modify the initial decision to clarify the proper legal standard for analyzing the appellant's affirmative defense of disparate treatment disability discrimination.</u>

On review, the appellant appears to challenge the administrative judge's assessment of her affirmative defense of disparate treatment disability discrimination. To prove an affirmative defense of discrimination on the basis of disability under the Rehabilitation Act, an appellant must prove that discrimination was at least a motivating factor in the agency's action. *Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶ 40. Here, however, the administrative judge found that the appellant failed to show that her alleged disability was a motivating factor in her removal, ID at 14, and because we discern no basis to disturb this reasoned finding, the appellant's claim of disparate treatment disability discrimination necessarily fails,[3] *see Pridgen*, 2022 MSPB 31, ¶ 40. Moreover, because we affirm the administrative judge's finding that the appellant failed to show that any prohibited consideration was a motivating factor in the agency's action, we need not resolve the issue of whether the appellant proved that discrimination was a "but-for" cause of the agency's decisions. *See Pridgen*, 2022 MSPB 31, ¶¶ 20-22, 29-33.

<u>We modify the initial decision to supplement the administrative judge's analysis of the appellant's claim of whistleblower retaliation.</u>

Although the administrative judge addressed the appellant's claim of whistleblower reprisal as related to her complaint with the Office of Special Counsel, he did not address the appellant's reprisal claim as related to (1) her

---

[3] Although the initial decision references direct evidence and types of circumstantial evidence, ID at 14, we find no indication that the administrative judge disregarded any evidence because of its direct or circumstantial nature, *see Pridgen*, 2022 MSPB 31, ¶ 24.

complaint with the agency's Office of the Inspector General (OIG), or (2) her complaint with the Internet Crime Complaint Center (IC3),[4] wherein she alleged that agency personnel had unlawfully accessed her email. IAF, Tab 4 at 6, 8-10; *see* 5 U.S.C. § 2302(b)(8)(A)(i), (b)(9)(C). The appellant reasserts whistleblower retaliation on the basis of these protected activities, PFR File, Tab 1 at 13; accordingly, we supplement the administrative judge's analysis to address these specific claims.

Under the Whistleblower Protection Enhancement Act of 2012 (WPEA), to prevail on a prohibited personnel practice affirmative defense in a chapter 75 appeal, once the agency proves its adverse action by a preponderance of the evidence, the appellant must demonstrate by preponderant evidence that she made a protected disclosure or engaged in protected activity and that the disclosure or activity was a contributing factor in the adverse action. *See Shibuya v. Department of Agriculture*, 119 M.S.P.R. 537, ¶ 19 (2013); *see also Alarid v. Department of the Army*, 122 M.S.P.R. 600, ¶ 12 (2015) (recognizing that, under the WPEA, an appellant may raise an affirmative defense of whistleblower retaliation based on protected activity under 5 U.S.C. §2302(b)(9)(A)(i), (B), (C), and (D)).

Here, we find that the appellant failed to show by preponderant evidence that either complaint was a contributing factor in the agency's decision to remove her. *See Dorney v. Department of the Army*, 117 M.S.P.R. 480, ¶ 15 (2012) (stating that an appellant may show contributing factor through evidence such as evidence pertaining to the strength or weakness of the agency's reasons for taking the personnel action, whether the protected activity was personally directed at the proposing or deciding officials, and whether these officials had a desire or motive to retaliate against the appellant). To this end, the record before the

---

[4] The IC3 is a component of the Federal Bureau of Investigation (FBI) that "provide[s] the public with a reliable and convenient reporting mechanism to submit information to the [FBI] concerning suspected Internet-facilitated criminal activity." *See generally* https://www.ic3.gov/Home/About (last visited July 9, 2024).

administrative judge was devoid of any indication that the OIG and IC3 complaints factored into the agency's decision.[5]   Indeed, the appellant had previously received a 14-day suspension for AWOL, IAF, Tab 8 at 109-10, and, prior to her removal, the agency had repeatedly warned her that AWOL and failure to comply with leave procedures could result in disciplinary action, including removal from the Federal service, *e.g.*, *id.* at 100, 108, 111.  Despite these warnings, the appellant was AWOL from December 23, 2015, through January 26, 2016, and February 10, 2016, through March 4, 2016.  *Id.* at 17.  Moreover, insofar as the documentary evidence indicates that the appellant filed her IC3 complaint after the agency's May 5, 2016 removal action, IAF, Tab 4 at 10, Tab 8 at 4, it could not have been a contributing factor in the agency's decision to remove her, *see Johnson v. Department of Justice*, 104 M.S.P.R. 624, ¶ 26 (2007) (finding that disclosures made after the agency had taken the personnel actions at issue could not have been contributing factors in that personnel action).  We find, therefore, that the administrative judge correctly found that the appellant failed to prove her affirmative defenses of whistleblower reprisal.

---

[5] On review, the appellant provides, for the first time, an April 4, 2016 email that she sent to numerous agency officials, including both the proposing official and the deciding official, wherein she states that she provided information to the "IG Office." PFR File, Tab 1 at 119-20.  However, the appellant does not explain why she did not provide this email, which was written after the agency's March 31, 2016 notice of proposed removal but prior to her May 5, 2016 removal, to the administrative judge. IAF, Tab 8 at 4, 17; *see Avansino*, 3 M.S.P.R. at 214.  Moreover, even considering this document, we find that it does not change the outcome of this appeal.  *See Russo*, 3 M.S.P.R. at 349.  Indeed, even assuming that this email satisfies the knowledge/timing test, *see Shibuya*, 119 M.S.P.R. 537, ¶ 22, we find that, given the severity of the appellant's attendance issues and the agency's repeated warnings related thereto, the agency established by clear and convincing evidence that it would have taken the same action in the absence of this activity, *see* 5 U.S.C. § 1221(e)(2); *see also Carr v. Social Security Administration*, 185 F.3d 1318, 1323 (Fed. Cir. 1999).

**NOTICE OF APPEAL RIGHTS**[6]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                          *Gina K. Grippando*
                                        _____
                                        Gina K. Grippando
                                        Clerk of the Board

Washington, D.C.